UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| J.B., a minor, by and through his Next Friend, RICKY BULLOCK, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 4:16CV01394 ERW |
| MISSOURI BAPTIST HOSPITAL OF SULLIVAN, *et al.*, | ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on three Motions to Exclude filed by Defendant Missouri Baptist Hospital of Sullivan [46, 48, 50] and three Motions to Strike filed by Defendants Dr. Shamim X. Amini and BC Missouri Emergency Physicians, LLP [52, 54, 56]. These motions are substantially similar and seek to exclude certain testimony and reports of three expert witnesses retained by Plaintiff: (1) Dr. John Hughes, (2) Delores Gonzalez, and (3) Brooke Liggett.

**I.        BACKGROUND**

On August 30, 2016, Plaintiff J.B., a minor, filed this medical malpractice suit by and through his Next Friend, Ricky Bullock, against Defendants Missouri Baptist Hospital of Sullivan ("MBHS"), BC Missouri Emergency Physicians, LLP, and Shamim X. Amini, M.D. ("Dr. Amini"). Plaintiff alleges Defendants failed to appropriately treat Plaintiff's left leg wound in the MBHS Emergency Department, which resulted in Plaintiff sustaining further injuries.

1

Plaintiff disclosed the following three experts to Defendants: Dr. Hughes, an occupational medicine doctor; Dolores Gonzalez, a vocational expert; and Brooke Liggett, an economic expert. On December 15, 2017, Defendant MBHS filed three motions relating to Plaintiff's proffered experts: (1) Motion to Exclude Expert Testimony and Report of Dr. John Hughes as to Plaintiff's Purported Functional Capacity [46], (2) Motion to Exclude Expert Testimony and Report of Delores Gonzalez [48]; and (3) Motion to Exclude Expert Testimony and Report of Brooke Liggett [50]. Defendants Dr. Amini and BC Missouri Emergency Physicians, LLP, filed three motions which are nearly identical to those filed by Defendant MBHS: (1) Motion to Strike Testimony and Opinions of Dr. John Hughes [54], Motion to Strike Testimony and Opinions of Delores Gonzalez [52], and Motion to Strike Testimony and Opinions of Brooke Liggett [56]. Because the Defendants filed substantially similar motions, this Court will concurrently address the motions with respect to each proffered expert.

### A. *Motions to Exclude Testimony and Reports of Dr. Hughes [46, 54]*

Defendants ask this Court to exclude Dr. Hughes' testimony as to Plaintiff's purported functional capacity for standing or walking as a result of his alleged injuries. Specifically, both motions cite language from Dr. Hughes' report alleging Plaintiff's ability to stand or walk was reduced to "perhaps as much as a maximum of four hours per day." Defendants state this language is vague and speculative and is not reliable or admissible under Rule 702 and *Daubert*. They argue Dr. Hughes has admitted he did not perform the functional capacity testing which they allege is required for an expert to arrive at a reliable opinion regarding Plaintiff's functional capacity.

In his response to these motions, Plaintiff stresses Dr. Hughes is merely approximating and is not attempting to give a precise figure. Plaintiff argues testimony is not rendered

inadmissible simply because it is inexact and that Defendants' arguments concerning the imprecise nature of the four-hour estimation should go to the credibility, and not admissibility, of the testimony.

### B. *Motions to Exclude Testimony and Reports of Delores Gonzalez [48, 52]*

Defendants ask this Court to exclude the entirety of Ms. Gonzalez's opinion concerning the vocational capacity of Plaintiff because it is speculative, unreliable, not based on sufficient facts or evidence, and not helpful to the jury. They allege Ms. Gonzalez bases her opinion on the report by Dr. Hughes, specifically relying on his estimation that Plaintiff now has a four-hour capacity to stand or walk. Plaintiffs argue this estimation is inadmissible for the reasons contained in their motions to exclude testimony of Dr. Hughes, and as a result, Ms. Gonzalez's opinion must be excluded.

In his response, Plaintiff reasserts his argument that the estimation contained in Dr. Hughes' testimony is admissible and states Ms. Gonzalez is permitted to rely on the admissible evidence of a medical doctor to form her opinion as a vocational expert. During oral argument on the motion, Plaintiff further argued experts are permitted to rely on information not otherwise admissible. Plaintiff's response also states Defendants misrepresent the basis for Ms. Gonzalez's opinion and argue Ms. Gonzalez performed an extensive evaluation based on numerous sources which could allow her to independently reach the same opinion.

### C. *Motions to Exclude Testimony and Reports of Brooke Liggett [50, 56]*

Defendants ask this Court to strike the entirety of Ms. Liggett's opinion because she relied on the opinions of Ms. Gonzalez who relied on the report of Dr. Hughes. Defendants reassert the arguments contained in the motions to exclude the testimony and reports of Ms. Gonzalez and Dr. Hughes and state Ms. Liggert's opinion is based on "two levels of speculation

by other expert witnesses, thus failing to meet the standard for admissibility under Rule 702 and *Daubert*."

In his response, Plaintiff reincorporates his response to the motions to exclude the testimony and reports of Ms. Gonzalez and Dr. Hughes, stating Defendants' analyses in those motions provide the sole basis for this motion and because the arguments contained in those motions fail, this motion also fails.

## III. LEGAL STANDARD

Federal Rule of Evidence 702 provides that a court may permit opinion testimony from a witness qualified as an expert if: "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based upon sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. The Eighth Circuit has summarized Rule 702 as a three-part test:

> First, evidence based on scientific, technical, or other specialized knowledge must be useful to the finder of fact in deciding the ultimate issue of fact. This is the basic rule of relevancy. Second, the proposed witness must be qualified to assist the finder of fact. Third, the proposed evidence must be reliable or trustworthy in an evidentiary sense, so that, if the finder of fact accepts it as true, it provides the assistance the finder of fact requires.

*Johnson v. Mead Johnson & Co., LLC*, 754 F.3d 557, 561 (8th Cir. 2014) (quoting *Polski v. Quigley Corp.*, 538 F.3d 836, 839 (8th Cir. 2008)). "The proponent of the expert testimony must prove its admissibility by a preponderance of the evidence." *Lauzon v. Senco Prods., Inc.*, 270 F.3d 681, 686 (8th Cir. 2001) (citing *Daubert v. Merrell Dow Pharm.*, 509 U.S. 579, 592 (1993)).

Under Rule 702, district courts act as gatekeepers, ensuring that expert testimony is "not only relevant, but reliable." *Daubert*, 509 U.S. at 589; *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999) (quoting *Daubert*, 509 U.S. at 597). In *Daubert*, the Supreme Court outlined four non-exclusive factors that the district court may look to in evaluating the reliability of expert testimony: (1) whether the scientific technique can be or has been tested; (2) whether the theory or technique has been subjected to peer review or publication; (3) the known rate of error for the technique or theory and the applicable standards for operation; and (4) whether the technique is generally accepted. *Johnson*, 754 F.3d at 562 (citing *Daubert*, 509 U.S. at 593–94). *Daubert*'s progeny provide additional factors such as: "whether the expertise was developed for litigation or naturally flowed from the expert's research; whether the proposed expert ruled out other alternative explanations; and whether the proposed expert sufficiently connected the proposed testimony with the facts of the case." *Lauzon*, 270 F.3d at 687. As the Supreme Court explained in *Kumho Tire Company*, "the test of reliability is 'flexible,' and *Daubert*'s list of specific factors neither necessarily nor exclusively applies to all experts or in every case. Rather, the law grants a district court the same broad latitude when it decides how to determine reliability as it enjoys in respect to its ultimate reliability determination." 526 U.S. at 141–42. The Eighth Circuit has described the standard in *Daubert* as calling for the "liberal admission" of expert testimony. *Johnson*, 754 F.3d at 562.

"Regardless of what factors are evaluated, the main inquiry is whether the proffered expert's testimony is sufficiently reliable." *First Union Nat. Bank v. Benham*, 423 F.3d 855, 861 (8th Cir. 2005). The Eighth Circuit has admonished district courts "not to weigh or assess the correctness of competing expert opinions." *Johnson*, 754 F.3d at 562. As long as the expert's testimony "rests upon 'good grounds, based on what is known' it should be tested by the

adversary process with competing expert testimony and cross-examination, rather than excluded by the court at the outset." *Id.* (quoting *Daubert*, 509 U.S. at 590, 596. "Only if the expert's opinion is so fundamentally unsupported that it can offer no assistance to the jury must such testimony be excluded." *Benham*, 523 F.3d at 862. "Doubts regarding 'whether an expert's testimony will be useful should generally be resolved in favor of admissibility.'" *Clark v. Hendrick*, 150 F.3d 912, 915 (8th Cir. 1998)) (quoting *Larabee v. MM & L Int'l Corp.*, 896 F.2d 1112, 1116 n.6 (8th Cir. 1990)).

## IV. ANALYSIS

In all six of Defendants' pending *Daubert* motions, Defendants challenge the admissibility of the following statements made by Dr. Hughes, in full:

> In addition to permanent impairment, [Plaintiff] has sustained a permanent decrement of his physical capabilities as a result of his injuries. His tolerances for standing and walking are reduced to a significant degree, perhaps as much as a maximum of four hours per day.

Defendants argue Dr. Hughes' four-hour estimation is not the product of reliable testing and thus "any opinion he may offer on the topic would be speculative" and inadmissible. They state the entirety of Ms. Gonzalez and Ms. Liggett's opinions should be excluded because they are based on these statements made by Dr. Hughes.

This Court agrees that Dr. Hughes' four-hour estimation relating to Plaintiff's ability to stand and walk is based on subjective speculation and does not meet the reliability standard provided in Rule 702. During deposition, Dr. Hughes admitted the four-hour figure was a "rough estimate" and in order to provide an accurate quantification as to Plaintiff's functional capacity, he would have to conduct a functional capacity evaluation or have him undergo a series of rehabilitative and testing sessions. Neither Dr. Hughes nor Plaintiff has articulated any reason as

6

to why Dr. Hughes failed to conduct either of these tests and instead provided a conclusion based merely on speculation. Accordingly, this proposed evidence is not reliable and cannot be helpful to the jury. *See* Fed. R. Evid. 702; *Presley v. Lakewood Eng'g & Mfg. Co.*, 553 F.3d 638, 646-47 (8th Cir. 2009); *Concord Boat Corp. v. Brunswick Corp.*, 207 F.3d 1039, 1057 (8th Cir. 2000) ("'Expert testimony that is speculative is not competent proof and contributes 'nothing to a legally sufficient evidentiary basis'") (quoting *Weisgram v. Marley Co.*, 528 U.S. 440, 454 (2000)).

Plaintiff states Dr. Hughes' estimation is a "'yardstick' estimate on order of magnitude" concerning the injuries sustained by Plaintiff as a result of Defendant's negligence. Indeed, some speculation among experts is "inevitable" and permissible. *Group Health Plan, Inc. v. Philip Morris USA, Inc.*, 344 F.3d 753, 760 (8th Cir. 2003). In assessing how much speculation is permissible, district courts should hold experts testifying in court to "the same standards of intellectual rigor that are demanded in their professional work." *Id.* Here, this Court finds Dr. Hughes failed to meet this standard when he provided an untested four-hour estimation concerning Plaintiff's functional capacity to stand or walk, and any testimony concerning that estimation is excluded. However, this Court will not exclude all testimony by Dr. Hughes regarding Plaintiff's functional capacity simply because he improperly included an untested and unreliable estimation in his report. *See Presley*, 553 F.3d at 646 (8th Cir. 2009) (holding district courts are obligated to "separate[] expert opinion evidence based on 'good grounds' from subjective speculation that masquerades as scientific knowledge"). Thus, should either party seek to submit Dr. Hughes' report to the jury at trial, it must redact the prepositional phrase, "perhaps as much as a maximum of four hours per day," but this Court does not now make any finding of inadmissibility concerning the other statements provided in the report by Dr. Hughes.

Similarly, this Court will not exclude the testimony by Ms. Gonzalez and Ms. Liggett simply because Dr. Hughes provided the four-hour estimation in his report. Even if Dr. Hughes' report provided some basis for Ms. Gonzalez's findings, it is clear not all of his statements regarding Plaintiff's functional capacity to stand or walk were unreliable. Further, Ms. Gonzalez stated the conclusions made in her report were based, in part, on statements made by Plaintiff during her interview with him concerning his own experience with standing or walking since the date of the alleged negligence. Plaintiff relayed to Ms. Gonzalez he was "having problems standing for long periods of time and cannot stand for longer than two hours at a stretch." Further, Ms. Gonzalez examined Plaintiff's medical records, educational achievement test results, and medical history. Ms. Gonzalez's opinion is thus supported by sufficient facts and data, and it will not be excluded. Likewise, Ms. Liggett's testimony, which was supported by Ms. Gonzalez's opinion, will not be excluded.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Missouri Baptist Hospital of Sullivan's Motion to Exclude Expert Testimony and Report of Dr. John Hughes as to Plaintiff's Purported Functional Capacity [46] and Defendants Dr. Amini and BC Missouri Emergency Physicians LLP's Motion to Strike Testimony and Opinions of Dr. John Hughes [54] are **GRANTED, in part, and DENIED, in part**.

**IT IS FURTHER ORDERED** that Defendant Missouri Baptist Hospital of Sullivan's Motion to Exclude Expert Testimony and Report of Delores Gonzalez [48] and Defendants Dr. Amini and BC Missouri Emergency Physicians LLP's Motion to Strike Testimony and Opinions of Delores Gonzalez [52] are **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Missouri Baptist Hospital of Sullivan's Motion to Exclude Expert Testimony and Report of Brooke Liggett [50] and Defendants Dr. Amini and BC Missouri Emergency Physicians LLP's Motion to Strike Testimony and Opinions of Brooke Liggett [56] are **DENIED**.

So Ordered this 12th Day of January, 2018.

*E. Richard Webber*

                **E. RICHARD WEBBER**
                **SENIOR UNITED STATES DISTRICT JUDGE**