UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| J.B., a minor, by and through his | ) | |
|---|---|---|
| Next Friend, RICKY BULLOCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:16CV01394 ERW |
| | ) | |
| MISSOURI BAPTIST HOSPITAL | ) | |
| OF SULLIVAN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Missouri Baptist Hospital of Sullivan's Motion for Summary Judgment [42].

**I.    BACKGROUND**

Plaintiff J.B., a minor, filed this medical malpractice suit by and through his Next Friend, Ricky Bullock, against Defendants Missouri Baptist Hospital of Sullivan ("MBHS"), BC Missouri Emergency Physicians, LLP ("BC MO"), and Shamim X. Amini, M.D. ("Dr. Amini"). The undisputed facts are as follows.

*A. Undisputed Facts*

On August 30, 2016, Plaintiff filed his Complaint against Defendants, alleging his physician, Dr. Amini, was negligent in providing health care services to a wound on Plaintiff's left leg during his stay at the MBHS Emergency Department on July 31, August 1, and August 3 of 2014. ECF No. 1; ECF No. 98, ¶¶ 3, 6. Plaintiff alleges Dr. Amini performed the negligent acts in the course and scope of his agency and employment with both BC MO and MBHS. ECF

1

No. 43, ¶ 1-4. His sole theory of liability against MBHS is based on common-law principles of agency. ECF No. 43, ¶ 3-4.

MBHS did not directly compensate Dr. Amini for the health care services he provided to Plaintiff. ECF No. 43, ¶ 8. Rather, Dr. Amini had entered into a Physician Partnership Agreement with BC MO whereby BC MO agreed to pay Dr. Amini for health care services provided by Dr. Amini at MBHS, including the treatment he provided to Plaintiff. ECF No. 43, ¶ 9. The Physician Partnership Agreement was the result of the "Emergency Physicians Services Agreement," another agreement BC MO had entered into with BJC Health System. ECF No. 43, ¶ 11. As part of that agreement, BC MO agreed to supply BJC Health System and its hospitals, including MBHS, with emergency department physicians. ECF No. 43, ¶ 11.

### B. *Motion for Summary Judgment*

MBHS asserts summary judgment should be granted in its favor because it cannot be held vicariously liable for the alleged negligent acts of a doctor it did not employ. It argues Chapter 538 of the Revised Missouri Statutes was amended in 2017 to include language defining "employee" as "any individual who is directly compensated by a health care provider for health care services rendered by such individual and other nonphysician individuals who are supplied to a health care provider by an entity that provides staffing." § 538.205, RSMo 2017. However, it states this amended version of the statute is "substantively similar" to the "pre-amendment" version because both versions limit liability against a health care provider to the actions or omissions of another entity or individual *who is an employee of the health care provider. See* § 538.210, RSMo 2014; § 538.210, RSMo 2017. Accordingly, MBHS states the 2017 amendment was a "procedural" change because it merely added a definition for "employee" and

2

therefore this Court may retroactively apply the 2017 version of section 538.210 to this case, which would bar Plaintiff's claim against MBHS.

In his response [70], Plaintiff admits his prior right to sue MBHS under section 538.210 was eliminated as a result of the 2017 amendments to Chapter 538. However, he states the amended version of 538.210 and 538.205 should not be applied to this case because the changes to these sections constituted a "substantive change to the law," rather than a "procedural change" and thus the amendments are not retrospective. Rather, in order to be granted summary judgment, MBHS must show it was not liable under the pre-2017 amended version of section 538.210, which does not define "employee," but instead allows MBHS to be held liable under common-law principles of agency. *See* §§ 538.210, 538.205, RSMo 2014. Plaintiff states MBHS has failed to show it is not liable under any agency theory, and thus its motion for summary judgment should be denied.[1]

## III. LEGAL STANDARD

A court shall grant a motion for summary judgment only if the moving party shows "there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). By definition, material facts "might affect the outcome of the suit under the governing law," and a genuine dispute of material fact is one "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If the non-moving party has failed to "make a showing sufficient to establish the existence of an element

---

[1] In its Motion for Summary Judgment, MBHS makes no argument admitting or denying liability under the pre-2017 version of the statutes. At oral argument, counsel for MBHS admitted it could not be granted summary judgment if the pre-2017 version applied, but stated it would argue it is not liable for Dr. Amini's alleged negligence under an agency theory at trial should this Court deny its Motion for Summary Judgment.

3

essential to that party's case, . . . there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322-23.

The moving party bears the initial burden of proof in establishing "the non-existence of any genuine issue of fact that is material to a judgment in his favor." *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). If the moving party meets this initial burden, the non-moving party must then set forth affirmative evidence and specific facts demonstrating a genuine dispute on the specific issue. *Anderson*, 477 U.S. at 250. When the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but, by affidavit and other evidence, must set forth specific facts showing a genuine dispute of material fact exists. Fed. R. Civ. P. 56(c)(1); *Stone Motor Co. v. Gen. Motors Corp.*, 293 F.3d 456, 465 (8th Cir. 2002). The non-moving party must demonstrate sufficient favorable evidence that could enable a jury to return a verdict for it. *Anderson*, 477 U.S. at 249. "If the non-moving party fails to produce such evidence, summary judgment is proper." *Olson v. Pennzoil Co.*, 943 F.2d 881, 883 (8th Cir. 1991).

In ruling on a motion for summary judgment, the Court may not "weigh the evidence in the summary judgment record, decide credibility questions, or determine the truth of any factual issue." *Kampouris v. St. Louis Symphony Soc.*, 210 F.3d 845, 847 (8th Cir. 2000). The Court instead "perform[s] only a gatekeeper function of determining whether there is evidence in the summary judgment record generating a genuine issue of material fact for trial on each essential element of a claim." *Id.* The Court must view the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Reed v. City of St. Charles*, 561 F.3d 788, 790 (8th Cir. 2009).

## IV. ANALYSIS

The sole issue forming the basis of MBHS' Motion for Summary Judgment involves whether a 2017 amendment to the relevant sections in Chapter 538 is applicable to this case. Prior to August 28, 2017, section 538.210 stated in part:

> No individual or entity whose liability is limited by the provisions of this chapter shall be liable to any plaintiff based on the actions or omissions of any other entity or person who is not an employee of such individual or entity whose liability is limited by the provisions of this chapter.

§ 538.210.2(3), RSMo 2014. Additionally, prior to August 28, 2017, section 538.205, RSMo 2014, the section providing definitions for the terms used in section 538.210, did not include a definition for the term "employee."

On August 28, 2017, section 538.210 was amended to state in part:

> No health care provider whose liability is limited by the provisions of this chapter shall be liable to any plaintiff based on the actions or omissions of any other entity or individual who is not an employee of such health care provider.

§ 538.210.4, RSMo 2017. Section 538.205 was also amended to include a definition for the term "employee":

> As used in sections 538.205 to 538.230, the following terms shall mean:
>
> (3) "Employee," any individual who is directly compensated by a health care provider for health care services rendered by such individual.

§ 538.205(3), RSMo 2017.

Both parties agree if the 2017 amendments to the statute are applicable to this case, Plaintiff has no claim against MBHS. However, Plaintiff states the amendment cannot be retroactively applied to his case involving the negligent acts of Dr. Amini in 2014 because the Missouri Constitution prohibits the retrospective application of certain legislation:

5

> [N]o ex post facto law, nor law impairing the obligation of contracts, or retrospective in its operation, or making any irrevocable grant of privileges or immunities, can be enacted.

Mo. Const. art. 1, § 13. MBHS acknowledges Missouri's general prohibition against the retroactive application of laws, but argues this section can be retroactively applied. It notes the Supreme Court of Missouri has recognized an exception "where the statute is procedural only and does not affect any substantive right of the parties," and argues the amendments to the statute constituted a procedural change because the amendment "merely clarifies what constitutes an employee" and does not bar Plaintiff's ability to obtain damages from the other defendants. *See State ex rel. St. Louis-S.F. Ry. Co. v. Buder*, 515 S.W.2d 409, 410 (Mo. banc 1974).

Indeed, the Supreme Court of Missouri has instructed courts to avoid the retroactive application of an amended statute if *any* of the parties' substantive rights are affected. *Buder*, 515 S.W.2d at 410. As MBHS correctly notes, this does include a bar on the retroactive application of changes in law affecting a category of damages after a cause of action has accrued. *See Gervich v. Condaire, Inc.*, 370 S.W.3d 617, 623 (Mo. banc 2012); *Klotz v. St. Anthony's Med. Ctr.*, 311 S.W.3d 752, 760 (Mo. banc 2010). However, those rights which are considered substantive are not limited to just those which alter the amount of recoverable damages. Rather, substantive rights involve all those that "take away or impair vested rights acquired under existing laws, or create a new obligation, impose a new duty, or attach a new disability in respect to transactions or considerations already passed." *Buder*, 515 S.W.2d at 410 (quoting *Barbieri v. Morris*, 315 S.W.2d 711, 714 (Mo. Banc 1974)).

Here, Plaintiff's right to recover damages from MBHS for negligent acts committed by Dr. Amini vested at the time Plaintiff was treated in 2014. At that time, plaintiffs had a right to

6

sue a hospital for the actions of any individual considered an "employee" under the common-law principles of agency. *See Jefferson v. Missouri Baptist Med. Ctr.*, 447 S.W.3d 701, 709-13 (Mo. Ct. App. 2014) ("the question of whether [doctor] is [hospital's] "employee" within the meaning of section 538.210.2(3) should be determined by reference to common-law principles of agency").[2] However, as both parties stipulate, that right was eliminated by the 2017 amendments to the statute, which limited hospital liability to the actions of only those agents directly compensated by the hospital. §§ 538.210.4, 538.205(3), RSMo 2017. Thus, under the definition provided by the Supreme Court of Missouri, this amendment is undoubtedly a "substantive" one as it effectively "took away" and certainly "impaired" Plaintiff's vested right. *See Buder*, 515 S.W.2d at 410.

Further, this Court will not find the 2017 amendment to the statute constituted a mere procedural amendment solely on the basis that it was largely a definitional change. As the Supreme Court of Missouri stated in *Buder*:

> It is best to keep in mind that the underlying repugnance to the retrospective application of laws is that an act or transaction, to which certain legal effects were ascribed at the time they transpired, should not, without cogent reasons, thereafter be subject to a different set of effects which alter the rights and liabilities of the parties thereto. Merely to label certain consequences as substantive and others as procedural does not give sufficient consideration to this principle, and notions of justice and fair play in a particular case are always germane.

*Id.* at 411. Accordingly, courts should not attach a label of "merely procedural" or "substantive" without considering the legal effects of the amended statute, notably including the "liability of

---

[2] Notably, the defendant hospital in *Jefferson* was Missouri Baptist Medical Center ("MBMC"). 447 S.W.3d at 706-09. The plaintiff in that action filed a wrongful death action against his radiologist, radiological group, and MBMC. MBMC argued summary judgment should be granted in its favor because it could not be held liable for the actions of the radiologist because the radiologist was in contract with and compensated by the radiologist group, rather than MBMC. *Id.* The court in *Jefferson* rejected this argument and found, under the 2014 version of § 538.210, liability should be determined under the principles of common-law agency. *Id.* at 713.

the parties." Here, while on its face, the amended version of the statute appears to only add a simple clarification, in practice, the change effectively eliminated the liability of an entire entity. Any change in law that has such a dramatic effect on Plaintiff's rights and MBHS' liability should certainly be considered substantive.

Thus, for the above reasons,

**IT IS HEREBY ORDERED** that Defendant Missouri Baptist Hospital of Sullivan's Motion for Summary Judgment [42] is **DENIED**.

So Ordered this 26th Day of January, 2018.

*E. Richard Webber*

**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**