UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| J.B., a minor, by and through his ) <br> Next Friend, RICKY BULLOCK, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MISSOURI BAPTIST HOSPITAL ) <br> OF SULLIVAN, *et al.*, ) <br> ) <br> Defendants. ) | Case No. 4:16CV01394 ERW |

## **MEMORANDUM & ORDER**

This matter comes before the Court on Plaintiff's Motion in Limine [116], Defendant Missouri Baptist Hospital of Sullivan ("MBHS")'s Motion in Limine Regarding Application of Section 490.715, RSMo. 2017 [120], Defendant MBHS's Motion in Limine to Preclude Plaintiff's use of "Reptile Theory" Argument or Evidence [121], Defendant MBHS's Motion in Limine to Bar Plaintiff's Experts, Gonzalez and Liggett, from Testifying Regarding Dr. Hughes' Inadmissible 4-hour Limitation [122], Defendant MBHS's Motion in Limine Regarding Prior Lawsuits or Claims involving Shamim X. Amini, M.D. and Board Certification Issues [124], Defendant MBHS's Motions in Limine [126], Defendants BC Missouri Emergency Physicians LLP and Shamim X. Amini, M.D.'s ("BC Missouri and Dr. Amini) General Motions in Limine [128], Defendants BC Missouri and Dr. Amini's Motion in Limine Regarding Unrelated Lawsuits or Claims against BC Emergency Physicians, LLP and Shamim X. Amini, MD, Board Certification and Licensing Issues [129], Defendants BC Missouri and Dr. Amini's Motion in Limine and Motion to Apply Damages Cap [131], Defendants BC Missouri and Dr. Amini's Motion in Limine to Bar Undisclosed and New Expert Opinions [133], Defendants BC Missouri

1

and Dr. Amini's Motion in Linine to Bar Ms. Gonzalez and Ms. Liggett from Testifying about Dr. Hughes' Inadmissible 4-hour Limitation [135], Defendants BC Missouri and Dr. Amini's Motion in Limine Regarding Evidence of Unrelated Lawsuits Involving Experts [137], and Defendants BC Missouri and Dr. Amini's Motion in Limine to Preclude Plaintiff's Use of "Golden Rule" Arguments and Testimony and Vague "Danger" and "Safety" Arguments and Testimony [139]. This Court will also hear argument on Plaintiff's Motion to Exclude Cumulative Testimony [72]. Finally, parties have asserted they disagree as to the summary of the case and the stipulation of facts.

**I.     Plaintiff's Motion in Limine [ECF No. 116]**

*A.     Plaintiff's Prior Medical Bills*

Plaintiff states he has withdrawn his claim for past medical expenses and will not present those expenses as an element for his damage claim at trial. Accordingly, he asserts they are irrelevant to any issue at trial, and he requests this Court exclude all evidence of and references to Plaintiff's prior medical bills and expenses. Defendants oppose this motion. They state Plaintiff's medical bills are relevant to the jury's determination of pain and suffering to show the seriousness of an injury, irrespective of whether Plaintiff has made a claim for medical damages. The Court will sustain this motion.

*B.     Activities of Sabrina Bullock while at MBHS*

Plaintiff states on July 31, 2014, during his hospital stay at the MBHS Emergency Department, a nurse "walked in on the mother (Sabrina Bullock) going through the cabinets." The nurse made note of it in her report. Plaintiff asserts it is unclear what Sabrina Bullock was doing in the medicine cabinets, and it is not related or relevant to any of the issues in this case.

He states it would distract jurors and should be excluded. Defendants do not oppose this motion and contend such a ruling should apply equally to all parties. The Court will sustain this motion.

  C. *Settlement Negotiations on Offers to Settle*

Plaintiff has participated in settlement discussions with Defendants, and states any evidence of his attempts to compromise this claim is not admissible under Federal Rule of Evidence 408. Defendants do not oppose this motion and contend such a ruling should apply equally to all parties. This motion is sustained and the limitation shall apply equally to all parties.

  D. *Frivolous lawsuits*

Plaintiff asks this Court exclude any evidence, inference, or argument by Defendants which effectively implies we live in a "litigious society," "sue-happy society," there are "too many lawsuits," or that lawsuits are often "frivolous." He states such references are improper, irrelevant, and undermine the integrity of the justice system. Defendants do not oppose this motion and contend such a ruling should apply equally to all parties. This motion will be sustained and such ruling shall apply equally to all parties.

  E. *Criminal Terminology*

Plaintiff argues the use of criminal terms in this civil case (such as "guilty," "indicted" or "charged with") may result in juror confusion about the difference between the burden of proof in civil and criminal cases. He argues this Court should exclude evidence, inference, or argument utilizing such terminology. Defendants do not oppose this motion and contend such a ruling should apply equally to all parties. This motion will be sustained and the ruling shall apply equally to all parties.

  F. *Undisclosed Expert Witness Testimony*

Plaintiff moves the Court to order Defendants' expert witness testimony be limited to that which Defendants' experts stated in their Rule 26(2)(B)(c) report, and as developed at that expert's deposition. Defendants do not oppose this motion and contend such a ruling should apply equally to all parties. This motion will be sustained and the ruling shall apply equally to all parties.

II. **Defendant MBHS's Motion in Limine Regarding Application of Missouri Revised Statute § 490.715 [ECF No. 120]**

MBHS moves this Court to apply Missouri Revised Statute § 490.715 to the admissibility of evidence of medical damages in this case and bar Plaintiff from presenting any evidence as to Plaintiff's alleged medical damages beyond the actual cost of medical care or treatment as defined by Missouri Revised Statute § 490.715.5(2). Under the amended version of this section, plaintiffs may only introduce into evidence the "actual cost" of their medical care, rather than the amount charged or billed for that care. Prior to the 2017 amendment, the parties could introduce evidence of the value of the medical treatment rendered, with there being a rebuttable evidentiary presumption the dollar amount paid to the health care provider represented the value of the medical treatment rendered. MBHS alleges the post-2017 amendment is applicable and applies retroactively, because it constitutes a procedural/remedial change as it relates to an evidentiary rule regarding medical damages evidence. The motion will be sustained and the ruling shall apply equally to all parties.

III. **Defendant MBHS's Motion in Limine to Preclude Plaintiff's use of "Reptile Theory" Argument or Evidence [ECF No. 121] and Defendants BC Missouri and Dr. Amini's Motion in Limine to Preclude Plaintiff's Use of "Golden Rule" Arguments and Testimony and Vague "Danger" and "Safety" Arguments and Testimony [ECF No. 139]**

MBHS asks this Court prohibit Plaintiff from introducing argument or evidence related to the "reptile theory" at trial. The "reptile theory" is a litigation strategy based on a book titled

*Reptile: The 2009 Manual of the Plaintiff's Revolution*. In that book, the authors instruct lawyers to appeal to the juror's own sense of self-protection in order to persuade jurors to render a verdict for plaintiffs that will, in the collective, effectively reduce or eliminate allegedly "dangerous" or "unsafe" conduct and thereby improve the safety of themselves, their family members, and their community. Similarly, BC Missouri and Dr. Amini ask this Court to preclude Plaitniff's use of "golden rule arguments" and "danger/safety" arguments in testimony. A golden rule argument asks the jury to place itself in the plaintiff's position. Defendants claim the reptile theory and golden rule theory misstate the appropriate standard of care in a medical malpractice case, which does not consider safety rules and community standards as a factor. Plaintiff agrees he will not raise such arguments. This motion will be sustained.

IV. **Defendant MBHS's Motion in Limine to Bar Plaintiff's Experts, Gonzalez and Liggett, from Testifying Regarding Dr. Hughes' Inadmissible 4-hour Limitation [ECF No. 122] and Defendants BC Missouri and Dr. Amini's Motion in Linine to Bar Ms. Gonzalez and Ms. Liggett from Testifying about Dr. Hughes' Inadmissible 4-hour Limitation [ECF No. 135]**

On January 12, 2018, this Court ruled Dr. Hughes' statement regarding his estimation that Plaintiff's functional capacity for standing and walking had been reduced to four hours as a result of his alleged injuries is inadmissible. Defendants state Plaintiff should be prohibited from presenting that statement to the jury by means of his other expert witnesses. Plaintiff states he does not intend to present such evidence and has instructed Dr. Hughes not to testify to the four-hour limitation. The Court will sustain this motion.

V. **Defendant MBHS's Motion in Limine Regarding Prior Lawsuits or Claims involving Shamim X. Amini, M.D. and Board Certification Issues [ECF No. 124] and Defendants BC Missouri and Dr. Amini's Motion in Limine Regarding Unrelated Lawsuits or Claims against BC Missouri and Dr. Amini's Board Certification and Licensing Issues [ECF No. 129]**

Defendants claim, at Dr. Amini's deposition, he was asked about prior claims made against him, specifically regarding two claims in California alleging an improper examination by

5

Dr. Amini. He also testified he was investigated by the police and the California Medical Board, but no criminal charges were filed. He settled with the Medical Board and accepted a thirty day license suspension in California, a probationary supervision period, and surrender of his New York license. He also testified he failed to fulfill certain continuing education requirements. Defendants claim reference to or evidence of these California claims against Dr. Amini and the effects on his licenses in California and New York is inadmissible as irrelevant and prejudicial. They also state such evidence is inadmissible under Rule 404 as a prior act. They claim any references to Dr. Amini's failure to fulfill certain continuing education requirements are irrelevant and inadmissible under Rules 401, 402, and 403. Plaintiff agrees he will not present this evidence unless it is in rebuttal to something raised by Defendants. Plaintiff shall approach the bench and the Court will determine if the evidence is admissible at that time. The Court will sustain this motion.

**VI.  Defendant MBHS's Motions in Limine [ECF No. 126] and Defendants BC Missouri and Dr. Amini's General Motions in Limine [ECF No. 128]**

   *A.  Tort Reform*

MBHS moves Plaintiff be precluded from offering evidence or inference about tort reform measures that may apply to this case or that physicians, hospitals, or other members of the health care industry are or were behind efforts to institute tort reform or in any other way influence tort reform or benefit from those efforts. It argues such testimony is immaterial and unfairly prejudicial to Defendants. Plaintiff does not oppose this motion. The Court will sustain this motion.

   *B.  Liability Insurance, Self-Insured Trust*

Defendants request this Court prohibit Plaintiff from referring to or offering evidence inferring Defendants have any type of indemnity or liability insurance, self-insured trust, or

insurance coverage of any sort, including self-funded trusts and excess liability coverage. The Court will sustain the motion at this time. If Plaintiff wishes to introduce such evidence, he shall approach the bench to allow the Court to further consider his purpose in offering the evidence and rule on its admissibility.

    *C.    Settlement Negotiations*

MBHS asks Plaintiff be prohibited from referring to or offering evidence of settlement discussions, negotiations, or offers between parties. As with Plaintiff's motion on the same issue, this motion will be sustained.

    *D.    Size and Revenue, Number of Clinics and Hospitals*

MBHS states all evidence regarding the size, revenue, earnings, or finances of MBHS or BJC Health System is irrelevant and likely to mislead the jury and confuse the issues. It asks this Court preclude Plaintiff from offering such evidence. Plaintiff does not oppose the motion. It will be sustained by the Court.

    *E.    Lay Witness Medical Opinions*

MBHS moves Plaintiff and his lay witnesses be precluded from offering any medical opinions, because they are not qualified to render expert medical conclusions. Plaintiff does not oppose this motion. The Court will sustain the motion.

    *F.    Witnesses Precluded from Courtroom*

Defendants move Plaintiff's witnesses be precluded from being present in the courtroom until they are called to testify. They argue this will prevent new testimony, undue prejudice, and unfair surprise to Defendants. Plaintiff does not oppose the motion but asks it be applied equally to all parties. MBHS would like corporate representative, Tony Schwarm, to be allowed to remain in the courtroom. Mr. Schwarm will be allowed in the courtroom except when any

Plaintiff's witness offers testimony on any subject matter to be offered by Mr. Schwarm, in which case he must be excused from the courtroom. Family members of Plaintiff and Mr. Schwarm may be present in the courtroom during *voir dire* and opening statements. The Court will issue a statement to the jury as to why witnesses are excluded from the courtroom. This motion will be sustained, in part.

        G.        *Other Medical Malpractice Claims or Lawsuits*

MBHS asks this Court preclude Plaintiff from offering evidence of other medical malpractice claims or lawsuits, whether those claims involve the defendants in this case or others, because it is irrelevant or immaterial. It argues that any relevance is substantially outweighed by the risk of undue prejudice. Plaintiff does not object to this motion. The Court will sustain the motion.

        H.        *Failure to Call an Equally Available Witness*

MBHS asks this Court preclude Plaintiff from referring to, offering evidence of, or commenting on MBHS's failure to call a witness or healthcare provider who is equally available to Plaintiff because such evidence is irrelevant, prejudicial, misleading, and designed to confuse the jury. Plaintiff does not oppose this motion. The Court will sustain the motion.

        I.        *Undisclosed Expert Witness Opinions*

MBHS moves Plaintiff's expert witnesses be precluded from offering new or different opinions from those previously disclosed and expressed. MBHS argues Plaintiff's retained experts have already provided reports and given depositions regarding their opinions, and that under Rule 26(e), Plaintiff has failed to meet his duty to supplement both the information in the report and the information given during each expert's deposition. Specifically, MBHS anticipates Plaintiff may seek to introduce undisclosed expert testimony regarding SIRS criteria related to

8

sepsis. It argues Plaintiff did not supplement discovery or expert reports that would allow them to reference the SIRS criteria, and it would be prejudicial to allow them to testify on it. Plaintiff does not oppose this motion. It will be sustained by the Court.

   *J.*   *Witnesses Barred from Commenting on Credibility of Other Witnesses*

MBHS argues Plaintiff, and specifically his expert witnesses, should be precluded from commenting on the credibility of other witnesses or parties because an expert may not pass judgment on a witness' truthfulness in the guise of a professional opinion. Plaintiff does not oppose the motion but asks it be applied equally to all parties. The Court will sustain the motion and the ruling shall apply equally to all parties.

   *K.*   *Undisclosed Damages Request*

Defendants argue Plaintiff should be precluded from making any references to, offering any evidence of, or submitting to the jury a request for any damages that have not been properly disclosed in discovery because it would result in unfair surprise to Defendants. Plaintiff does not oppose this motion. It will be sustained by the Court.

   *L.*   *Cumulative Evidence of Pain and Suffering*

Defendants ask this Court prevent Plaintiff from offering evidence of multiple, unnecessarily cumulative photographs and demonstrations of Plaintiff's leg wound and scarring. They argue this would result in unfair prejudice to Defendants, because the repeated presentation of Plaintiff's injuries would be cumulative in nature and serve only to evoke sympathy from the jury. This motion will be sustained, in part, and denied, in part. The Court will determine if photographs are prejudicial as objections are raised during trial.

   *M.*   *Hearsay Statements of Non-Testifying Medical Providers*

Defendants move that Plaintiff be precluded from offering testimony as to what medical providers, including physicians, nurses, therapists, etc., told Plaintiff or his family about Plaintiff's condition, injuries, and prognosis. They assert such testimony is hearsay and thus inadmissible. Plaintiff does not oppose the motion and asks that it be applied equally to all parties. The Court will sustain the motion and apply it to all parties. If this becomes an issue, the parties shall approach the bench before attempting to introduce such evidence.

*N. Size of Law Firm*

Dr. Amini and BC Missouri ask this Court to exclude any reference to the relative size of Hinshaw & Culbertson, the number of locations, and the location of the offices as immaterial and irrelevant to the issues in this lawsuit. Hinshaw & Culbertson represents Dr. Amini and BC Missouri in this matter. Plaintiff does not oppose this motion. It will be sustained by the Court.

**VII. Defendants BC Missouri and Dr. Amini's Motion in Limine and Motion to Apply Damages Cap [ECF No. 131]**

BC Missouri and Dr. Amini claim this Court should apply the "damages cap" for actions against a health care provider under § 538.210.2(1) for the year 2018, which is $420,749.00 for noneconomic damages. §538.210.2(2) provides a noneconomic damages cap that is more generous for plaintiffs alleging damages for a "catastrophic personal injury." Defendants claim Plaintiff has not claimed any injuries that fall under the definition of "catastrophic injury" as provided in § 538.205, and thus § 538.210.2(1) is applicable rather than § 538.210.2(2). The Court recognizes Plaintiff's injury is not a catastrophic injury, but also agrees with Plaintiff the noneconomic damages cap does not apply. Defendants may raise the issue again at trial if so inclined. This motion will be denied.

**VIII. Defendants BC Missouri and Dr. Amini's Motion in Limine to Bar Undisclosed and New Expert Opinions [ECF No. 133]**

10

BC Missouri and Dr. Amini move Plaintiff's expert witnesses be precluded from offering new or different opinions from those previously disclosed and expressed. Considering the Court's ruling in Section VI. I, this motion will be sustained.

IX. **Defendants BC Missouri and Dr. Amini's Motion in Limine Regarding Evidence of Unrelated Lawsuits Involving Experts [ECF No. 137]**

Dr. Amini and BC Missouri ask this Court exclude evidence of unrelated lawsuits involving Defendants' experts. They argue any evidence of experts' prior lawsuits would be introduced solely as evidence of prior acts in an effort to prove bad character and impeach the experts. They argue this is irrelevant, prejudicial, and opens several issues irrelevant to this case. Finally, they argue any pleadings filed in other litigated matters constitute inadmissible hearsay. Plaintiff does not oppose this motion. It will be sustained by the Court.

X. **Plaintiff's Motion to Exclude Cumulative Expert Testimony [ECF No. 72]**

Plaintiff claims Defendants have identified five medical experts to provide the same two opinions: (1) Dr. Amini's treatment of Plaintiff did not violate the standard of care and (2) Dr. Amini's care of Plaintiff was not the cause of Plaintiff's subsequent harms. Two experts are emergency room physicians, two are infectious disease specialists, and one is an orthopedic surgeon. These experts are in addition to the testimony of Dr. Amini. Plaintiff states under Rule 403, the Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of needlessly presented cumulative evidence, including cumulative expert witness testimony. Plaintiff states he has only identified two medical experts: an infectious disease specialist and an emergency physician. Plaintiff asks this Court limit Defendants to, at most, three experts at trial: one emergency medicine physician, one infectious disease specialist, and one orthopedic surgeon.

In response, Defendants state BC Missouri and Dr. Amini are sharing experts and have named three experts between the two of them: an infectious disease specialist, an orthopedic surgeon, and an emergency medicine physician. MBHS has named its own medical experts including: an infectious disease physician and an emergency medicine physician. They argue Plaintiff chose to sue three separate defendants and each is entitled to choose experts to testify on its behalf. They state Missouri courts have held evidence should not be rejected as cumulative if it goes to the root of the matter in controversy, as is the case here. They further argue each expert's background and analysis is unique, and the testimony is complimentary, rather than cumulative. It stresses the test is "whether the probative value of the evidence is outweighed by the dangers of unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, or the needless presentation of cumulative evidence." *Kummer v. Cruz*, 752 S.W.2d 801 (Mo. App. 1988).

This motion will be denied. While the Court will not limit the experts of the parties, if the experts' testimony becomes cumulative, the Court will limit the testimony.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion in Limine [116] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Missouri Baptist Hospital of Sullivan's Motion in Limine Regarding Application of Section 490.715, RSMo. 2017 [120] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Missouri Baptist Hospital of Sullivan's Motion in Limine to Preclude Plaintiff's use of "Reptile Theory" Argument or Evidence [121] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Missouri Baptist Hospital of Sullivan's Motion in Limine to Bar Plaintiff's Experts, Gonzalez and Liggett, from Testifying Regarding Dr. Hughes' Inadmissible 4-hour Limitation [122] is **GRANTED**.

**IT IS FURTHER ORDERED** that Missouri Baptist Hospital of Sullivan's Motion in Limine Regarding Prior Lawsuits or Claims involving Shamim X. Amini, M.D. and Board Certification Issues [124] is **GRANTED**.

**IT IS FURTHER ORDERED** that Missouri Baptist Hospital of Sullivan's Motions in Limine [126] is **GRANTED, in part,** and **DENIED, in part**.

**IT IS FURTHER ORDERED** that Defendants BC Missouri Emergency Physicians LLP and Shamim X. Amini, M.D.'s General Motions in Limine [128] is **GRANTED, in part,** and **DENIED, in part.**

**IT IS FURTHER ORDERED** that Defendants BC Missouri Emergency Physicians LLP and Shamim X. Amini, M.D.'s Motion in Limine Regarding Unrelated Lawsuits or Claims against BC Emergency Physicians, LLP and Shamim X. Amini, MD, Board Certification and Licensing Issues [129] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants BC Missouri Emergency Physicians LLP and Shamim X. Amini, M.D.'s Motion in Limine and Motion to Apply Damages Cap [131] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants BC Missouri Emergency Physicians LLP and Shamim X. Amini, M.D.'s Motion in Limine to Bar Undisclosed and New Expert Opinions [133] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants BC Missouri Emergency Physicians LLP and Shamim X. Amini, M.D.'s Motion in Linine to Bar Ms. Gonzalez and Ms. Liggett from Testifying about Dr. Hughes' Inadmissible 4-hour Limitation [135] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants BC Missouri Emergency Physicians LLP and Shamim X. Amini, M.D.'s Motion in Limine Regarding Evidence of Unrelated Lawsuits Involving Experts [137] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants BC Missouri Emergency Physicians LLP and Shamim X. Amini, M.D.'s Motion in Limine to Preclude Plaintiff's Use of "Golden Rule" Arguments and Testimony and Vague "Danger" and "Safety" Arguments and Testimony [139] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Exclude Cumulative Testimony [72] is **DENIED**.

So Ordered this 7th day of February, 2018.

*E. Richard Webber* (signature)

_____
**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**