UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| J.B., a minor, by and through his Next Friend, RICKY BULLOCK, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4:16CV01394 ERW |
| MISSOURI BAPTIST HOSPITAL OF SULLIVAN, *et al.*, | ) ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Missouri Baptist Hospital of Sullivan's Motion for Directed Verdict/Judgment as a Matter of Law at the Close of Plaintiff's Evidence and Incorporated Memorandum of Law in Support [162] and Defendants Shamim X. Amini, MD, and BC Missouri Emergency Physicians, LLP,'s Motion for Directed Evidence at Close of Plaintiff's Evidence [163].

## I. BACKGROUND

Plaintiff J.B., a minor, filed this medical malpractice suit by and through his Next Friend, Ricky Bullock, against Defendants Missouri Baptist Hospital of Sullivan ("MBHS"), BC Missouri Emergency Physicians, LLP ("BC MO"), and Shamim X. Amini, M.D. ("Dr. Amini"). Plaintiff alleges Dr. Amini was negligent in providing health care services to a wound on Plaintiff's left leg during his stay at the MBHS Emergency Department on July 31/August 1 and August 3 of 2014. More specifically, Plaintiff alleges Dr. Amini failed to locate a piece of wood lodged in his leg near the wound, and as a result, Plaintiff suffered a bacterial infection,

1

necrotizing fasciitis, on his left lower leg. Plaintiff further alleges Dr. Amini performed the negligent acts in the course and scope of his agency and employment with both BC MO and MBHS. All parties stipulate Dr. Amini was acting as an employee of BC MO.

## II. DISCUSSION

Defendant MBHS' motion asserts judgment as a matter of law should be granted in its favor because Plaintiff has failed to establish Dr. Amini is its "employee." The motions from both Defendants state judgment as a matter of law should be granted for Defendants and against Plaintiff because Plaintiff has failed to establish a claim of negligence. Under Federal Rule of Civil Procedure 50(a), "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue the court may: (A) resolve the issue against the party; and (B) grant a motion for a judgment as a matter of law against the party on a claim or defense that, under controlling law, can be maintained or defeated only with a favorable finding on that issue." "Judgment as a matter of law is warranted only when no reasonable juror, taking all reasonable inferences in the light most favorable to the opposing party, could find against the movant." *Estate of Snyder v. Julian*, 789 F.3d 883, 887 (8th Cir. 2015) (citing *Brawner v. Allstate Indem. Co.*, 591 F.3d 984, 986 (8th Cir. 2010). For the following reasons, this Court denies Defendants' motions for directed verdict.

### A. *The 2017 revised version of Chapter 538 is not applicable in this case.*

In its motion, MBHS reasserts the argument it made in its Motion for Summary Judgment [42], which concerns the applicability of the 2017 revisions to Chapter 538, RSMo. It argues the revised version, unlike the version prior to 2017, expressly defines "employee" as "any individual who is directly compensated by a health care provider for health care services

rendered by such individual and other non-physician individuals who are supplied to a health care provider by an entity that provides staffing." *See* § 538.205(3), RSMo 2017. Both parties stipulate MBHS did not directly pay Dr. Amini for the services that form the basis of the alleged negligence, and MBHS states the amendment to the statute can be retroactively applied because it is a mere procedural change. Thus, MBHS argues, it cannot be held liable for the negligence of Dr. Amini. For the reasons contained in its order relating to MBHS' Motion for Summary judgment [111], this Court does not agree, and it will not grant MBHS judgment as a matter of law on these grounds. *See J.B. v. Mo. Baptist Hosp. of Sullivan*, 4:16-CV-01394-ERW, 2018 WL 572026 (Mo. ED. Jan. 26, 2018).

### ***B. Plaintiff has made a submissible case that Dr. Amini was operating as an "employee" of MBHS under the pre-2017 amendment version of section 538.210.2(3).***

In the alternative, MBHS moves for directed verdict on the basis that Plaintiff has not established an employee-employer relationship between Dr. Amini and MBHS based on the common-law principles of agency. In order to find MBHS liable for the actions of Dr. Amini, Plaintiff must prove Dr. Amini was acting as an employee of MBHS when he committed the alleged negligence. In *Jefferson ex rel. Jefferson v. Missouri Baptist Medical Center*, 447 S.W.3d 701, 709 (Mo. App. E.D. 2014), the Missouri Court of Appeals found the word "employee" as used in section 538.210.2(3), RSMo 2007, should be defined by using the common-law principles of agency. The court listed a number of factors adopted by Missouri courts in determining whether a purported agent is acting as an employee of the purported principal. *Id.* at 710-11. Namely, the court held "[a]n employee is a subset of agent distinguished by the principal's right to control the details of the employee's work performance." *Id.* at 712. However, "an employer's right to control may be attenuated, and an employee may have a

3

significant degree of discretion in [his] work." *Id*. A court will not be precluded from finding the existence of an employer-employee relationship between a hospital and physician merely because the physician retains independent medical judgment. *See id.*

Here, Plaintiff has established under the MBHS bylaws, MBHS could take Dr. Amini off the medical staff if it found he was not competent. Plaintiff has also shown Dr. Amini was provided tools and supplies by MBHS, including a nursing staff. Accordingly, under the test provided in *Jefferson*, this Court finds Plaintiff has established a submissible case such that a reasonable jury could find Dr. Amini was an employee of MBHS when he committed the alleged negligence.

### *C. Plaintiff has made a Submissible Case for Alleged Medical Negligence.*

Finally, Defendants argue Plaintiff has failed to make a submissible case for medical negligence. Under Missouri law, a plaintiff must prove three factors to establish a prima facie case of medical malpractice: "(1) an act or omission of the defendant failed to meet the requisite medical standard of care; (2) the act or omission was performed negligently; and (3) the act or omission caused the plaintiff's injury." *Mueller v. Bauer*, 54 S.W.3d 652, 656 (Mo. Ct. App. 2001) (citing *Brickey v. Concerned Care of the Midwest, Inc.*, 988 S.W.2d 592, 596 (Mo. Ct. App. 1999)). Defendants argue Plaintiff failed to establish any of the three elements.

First, Defendants argue Plaintiff has failed to show Dr. Amini's conduct was below the appropriate standard of care because Plaintiff's emergency doctor expert, Dr. Bird, based his testimony on his own personal experience and practice rather than the standard of care for members of the profession. Defendants are correct that "[a]n expert doctor's opinion…must be based upon an established standard of care and not upon a personal standard." *Boehm v. Pernoud*, 24 S.W.3d 759, 762 (Mo. App. 2000) (finding the plaintiff failed to make a

submissible case because plaintiff's doctor expert based his testimony only on how he personally practices rather than how it is generally done by members of that profession). However, it is not the case here that Dr. Bird based his entire expert opinion on his personal standards for his own practice. Rather, Dr. Bird testified Dr. Amini's conduct did not measure up to the standards of the profession at large, and this Court will not find Plaintiff failed to show Dr. Amini neglected to meet the required standard of care in his actions relating to Plaintiff's injury on this basis.

Defendants also argue Plaintiff has failed to show any alleged negligence by Dr. Amini caused Plaintiff injury. "Usually, the test for a causal connection between a defendant's negligence and a plaintiff's injury is whether the evidence shows that the injury would not have been sustained but for the negligence." *Echard v. Barnes–Jewish Hosp.*, 98 S.W.3d 558, 566 (Mo. App. 2002). The defendant's negligence, however, need not be the sole cause, but can be "a cause or a contributing cause" of the plaintiff's injury. *Id.* at 567 (emphasis added). A showing of causation requires the plaintiff to establish the defendant's "negligent conduct more probably than not was the cause of the injury." *Id.* (citing *Morrison v. St. Luke's Health Corp.*, 929 S.W.2d 898, 901 (Mo. App. 1992)). In a complex medical malpractice case—i.e., one necessitating "surgical intervention or other highly scientific technique for diagnosis"—expert testimony is required to establish causation. *Nadolski v. Ahmed*, 142 S.W.3d 755, 761 (Mo. App. 2004) (internal quotations and citations omitted).

Here, Defendants state Dr. Bird admitted it was the bacteria that caused the infection, rather than the piece of wood left in Plaintiff's leg. Thus, they argue, Plaintiff was required to prove any negligence by Dr. Amini caused or contributed to cause the bacteria to enter Plaintiff's leg wound. In other words, Defendants state the bacteria could have been in Plaintiff's leg and caused the infection whether or not the wood was also in the leg. They similarly state Plaintiff

has not shown there are any damages because he has not proven any negligence by Dr. Amini caused further injury to Plaintiff.

However, Defendants misstate Dr. Bird's testimony. Dr. Bird's testimony was that while it was the bacteria that directly caused the infection, that bacteria was only present in the wound because it was on the wood. Further, he testified the bacteria-ridden wood was only present in Plaintiff's wound long enough to cause the infection because Dr. Amini neglected to find the wood before the infection could develop. Thus, taking all reasonable inferences in the light most favorable to Plaintiff, a reasonable juror could find Dr. Amini's negligence caused the infection which led to Plaintiff's alleged damages.

Thus, for the above reasons,

**IT IS HEREBY ORDERED** that Defendant Missouri Baptist Hospital of Sullivan's Motion for Directed Verdict/Judgment as a Matter of Law at the Close of Plaintiff's Evidence and Incorporated Memorandum of Law in Support [162] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants Shamim X. Amini, MD and BC Missouri Emergency Physicians, LLP,'s Motion for Directed Evidence at Close of Plaintiff's Evidence [163] is **DENIED**.

So Ordered this 16th Day of February, 2018.

_/s/ E. Richard Webber_

**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**